

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John F. May
District Attorney
81st Judicial District
Karnes City, Texas

Dear Sir:

Opinion No. 0-6345
Re: Authority of a trial judge
to allow credit on sentence
for time spent in jail.

We are in receipt of your letter requesting an opinion from this department. Your letter reads, in part, as follows:

"We have a case finally disposed of, where the defendant is in the penitentiary serving his term, but, through oversight our judge failed to give this defendant credit on the time served in jail. Ordinarily, this would be of little importance, but in the instant case this defendant, while in jail, gave our Sheriff valuable information concerning another crime, and it was the desire of our sheriff and myself to give this man credit for his time spent in jail.

"In the instant case, the defendant never made bond nor recognizance from the time he was arrested and convicted and sentenced. He did appeal his case, but during the appeal, he never made bond nor recognizance, but stayed in jail. After receipt of the mandate from the court of criminal appeals, our judge, through oversight, failed to re-sentence this defendant in order to allow him his time spent in jail, and our judge now desires to do this if same is possible.

"From the foregoing, I would appreciate very much your opinion on the following:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John F. May, page 2

>"(1)  Can such defendant now be allowed by the district judge the time he has spent in jail prior to the time he entered the penitentiary?
>
>"(2)  If so, in what manner is this to be done?
>
>".   .   .   ."

After a rather exhaustive search of the authorities, we find no procedure by which the subject of your inquiry could be allowed the time spent in jail.  In so holding, we are not unmindful of the many decisions wherein nunc pro tunc orders reforming final judgments have been upheld.  However, it appears that in all of these cases the order entered, upon proper application, was for the purpose of making the record speak the truth rather than changing or altering it.  Your question is more aptly answered by Judge Graves in the case of Ex parte Patterson, (Ct. of Crim. App. 1940) 141 S.W. (2d) 319, wherein he said:

>"It seems that the basis of all such powers is that the orders or minutes thereof may be made to speak the truth relative to the occurrences about which the minutes purport to speak; there can not be a correction of what should have been done, but only a correction to make the minutes show what was actually done at the time."

Speaking generally on the subject of the finality of judgments, it may be said that a judgment becomes final at the end of the term of court at which it was rendered, and this, for the reason that the trial court may amend or set aside a judgment prior to the closing of the term.  12 Texas Jur., Sec. 336, p. 687; Pena v. State, 24 S.W. (2d) 396.

In a felony case where the penalty assessed is less than death, the sentence constitutes the final judgment from which an appeal may be taken.  Upon perfection of the appeal, jurisdiction of the appellate court attaches and the trial court is powerless to alter the judgment and resulting sentence.  12 Tex. Jur., Sec. 336, p. 687.

Honorable John F. May, page 3

Article 768, V.A.C.C.P., prior to the amendments of 1931 and 1941, read as follows:

"If a new trial is not granted nor the judgment arrested in a felony case, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment."

In 1931 the Forty-second Legislature amended this Act giving to the trial judge the discretionary power to allow credit for time spent in jail prior to sentence by the trial court. The Forty-seventh Legislature in 1941 again amended this Act and enlarged on this discretionary power so that the trial judge may allow credit for time spent in jail pending appeal.

This Article now reads as follows:

"If a new trial is not granted, nor judgment arrested in felony cases, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment; provided that in all criminal cases the judge of the court in which defendant was convicted, may within his discretion, give the defendant credit on his sentence for the time, or any part thereof, which said defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court; and provided further that in all cases where the defendant has been tried for any violation of the laws of the State of Texas, and has been convicted and has appealed from said judgment and/or sentence of conviction, and where said cause has been affirmed by the Court of Criminal Appeals, and after receipt of the mandate by the Clerk of the trial court, the judge is authorized to again call said defendant before him, and if, pending appeal, the defendant has not made bond or entered into recognizance and has remained in jail

Honorable John F. May, page 4

pending the time of such appeal, said trial judge
may then in his discretion re-sentence the de-
fendant, and may subtract from the original sent-
ence pronounced upon the defendant, the length
of time the defendant has lain in jail pending
such appeal; provided, however, that the provi-
sions of this Act shall not apply after convic-
tion and sentence in felony cases in which bond
or recognizance is not permitted by law."

It is therefore the opinion of this department
that the subject of your inquiry could not be allowed credit
for the time he spent in jail prior to the time he entered
the penitentiary.  The decisions are fairly uniform that
where, as here, the defendant is committed to the peniten-
tiary to begin execution of his sentence the trial court
loses all jurisdiction.  The trial judge having failed or
refused to allow credit as provided by the statute at the
proper time, could not now do so.  24 C.J.S., Criminal Law,
Section 1589.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By H. T. Bob Donahue
H. T. Bob Donahue
Assistant

HTBD:db

APPROVED MAY 18, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN